IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK COFFMAN, | CASE NO. CV-F-05-1623 OWW DLB P |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| vs. | |
| WARDEN MALFI, et al., | [Doc. 1] |
| Defendants. | |

I. Screening Order

    A.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint filed March 23, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Summary of Plaintiff's Amended Complaint

The events at issue in this action allegedly occurred at Jamestown Prison, where plaintiff is presently incarcerated. Plaintiff names as defendants Warden Malfi; Captains Fox and Martin; Lt. Drew and Meyers; Librarian Parsons; Appeals Coordinator Tennison; and Correctional Officers Mendoza, Anderson, Worley, Johnstat, Clemens and Meyers. Plaintiff is seeking monetary and declaratory relief.

C.   Plaintiff's Claims

1.   Access to Courts Claim

In his complaint, plaintiff alleges that he is being denied access to the law library by defendants Parson, Mendoza, Eaton, Drew and Martin. Plaintiff states that when he orders books through the prison's "paging system," they are rarely available. Upon voicing his concerns to defendants Mendoza and Parsons, their response was, "oh well." Plaintiff alleges his right to access the court system through use of the law library is being denied.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

2

Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for denial of access to the courts. Plaintiff has not alleged any facts supporting a claim that the policy at issue has caused him to suffer an actual injury in a direct criminal appeal, habeas petition, or civil rights action. Indeed, plaintiff's allegations are so conclusory that the court is unable to determine whether plaintiff has an actual court case pending that he is attempting to work on.

2.      Eighth Amendment Conditions of Confinement Claim

Plaintiff alleges that on October 27, 2005, he informed defendants Clemens and Meyers that the vents in his cell were blowing cold air and that consequently his cell was freezing and that his mattress was soaked and moldy on the bottom side. Defendants said they would call maintenance; however, plaintiff alleges nothing was done. Plaintiff states that between October 28, 2005 and November 20, 2005, he informed defendants Anderson, Mendoza, Worley, Johnstat, Drew, Ehlard, Eaton and Martin, to no avail. Plaintiff contends he submitted an inmate appeal to defendant Tennison regarding the conditions of his cell, but received no response.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized

measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff's allegations are insufficient to give rise to a claim against the named defendants for violation of the Eighth Amendment. Plaintiff's allegations describe negligent conduct, at most. That defendants were informed of the conditions in plaintiff's cell and thereafter the conditions were not remedied, does not equate to the defendants being deliberately indifferent to a serious risk to plaintiff. Plaintiff has alleged no facts that suggest defendants were responsible for the heating in his cell or could have taken action to remedy the situation but failed to do so. The alleged fact that defendants were informed of the situation is not a sufficient basis upon which liability may be imposed for violation of the Eighth Amendment.

    3. Due Process Claim

      a. Placement in Administrative Segregation

Plaintiff alleges that on November 18, 2005, he was served with a lock-up order stating that he was being investigated for possible involvement in the death of inmate. Plaintiff complains that his due process were violated in connection with the initial administrative review of the incident and as of the filing of his complaint, he is still in administrative segregation.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled

under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake. Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from Ad-Seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Because plaintiff has not established the existence of a liberty interest in remaining free from Ad-Seg, plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process.

                b.      <u>Defendant Tennison's Involved in Responding to Plaintiff's Inmate Appeals</u>

Plaintiff alleges that defendant Tennison was involved in the review of his inmate appeals grieving the alleged due process violations. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); Sandin v. Conner, 515 U.S. 472, 484 (1995) (Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). The failure to process a grievance does not state a constitutional violation, and a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

There is no constitutionally protected right to an appeals process and there is no constitutionally protected right to a particular outcome. Although plaintiff's inmate appeals concerned the due process violations that allegedly occurred, defendant's actions in reviewing and issuing decisions on the appeals do not provide a basis upon which to impose liability under section 1983. Accordingly, plaintiff's allegations concerning the handling of his inmate appeals and the decisions on his inmate appeals fail to state any claims upon which relief may be granted under section 1983.

### D.     Conclusion

The court finds that plaintiff's complaint fails to state any cognizable claims for relief against the named defendants. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Plaintiff should carefully review this order and the legal standards provided, and amend only those claims that plaintiff believes in good faith are cognizable.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **December 1, 2006**              /s/ **Dennis L. Beck**
3b142a                                           UNITED STATES MAGISTRATE JUDGE